Ronald G. Guerra, OSB #943272
Email: ron.guerra@innovalegaladvisors.com
Robert F. Blackmore, OSB #814558
Email: bob.blackmore@innovalegaladvisors.com

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
Telephone: (503) 479-7175
Facsimile: (503) 905-8766

Of Attorneys for Plaintiff **JOEL A. MEDINA**

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JOEL A. MEDINA**, <br><br> Plaintiff, <br><br> v. <br><br> **COLUMBIA RIVER FIRE & RESCUE, an Oregon Municipality, RICHARD FLETCHER, as an individual, KELLY NILES, as an individual, AUSTIN ZIMBRICK, as an individual, RYAN WELBY, as an individual, ST. HELENS PROFESSIONAL FIRE FIGHTERS ASSOCIATION LOCAL #3215, an Oregon non-profit corporation, AARON PETERSON, as an individual, AARON SCHROTZBERGER, as an individual, LISA STROLIS, as an individual, JEFF LOCKHART, as an individual, KYLE MELTON, as an individual, RHONDA MELTON, as an individual,** <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS; DISCRIMINATION AND RETALIATION ORS §§ 659.030; 659A.199; 659A.203(1)(b); AND 659A.230; DEFAMATION; WRONGFUL TERMINATION** <br><br> **CLAIM: $19,950,000.00** <br> **FILING FEE: $402.00** <br><br> **DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1.      This is a federal claim for violating Joel A. Medina's First and Fourteenth Amendment rights under the United States Constitution and 42 U.S.C. § 1983. The Plaintiff seeks injunctive relief, compensatory damages, and attorneys' fees due to the unlawful retaliation against them for their right to free speech and due process in reporting official misconduct.

2.      Plaintiff also makes Oregon State law and Common Law Claims under the Court's supplemental jurisdiction.

## PARTIES

3.      The Plaintiff, Joel A. Medina (hereinafter referred to as "Plaintiff" or "Chief"), is a citizen of the United States and a resident of St. Helens, Oregon and at all times material was the Fire Chief of Columbia River Fire & Rescue.

4.      The Defendant Columbia River Fire & Rescue ("CRFR") is an Oregon Municipality.

5.      The Defendant St. Helen's Professional Fire Fighters Association Local #3215 ("Local 3215") is an Oregon non-profit corporation.

6.      Defendant Richard Fletcher ("Fletcher") is a citizen of the United States and a resident of Ranier, Oregon. He is a former employee of CRFR as a mechanic, is now an elected Board member of CRFR, and serving as Secretary/Treasurer.

7.      Defendant Austin Zimbrick ("Zimbrick") is a citizen of the United States and a resident of St. Helens, Oregon. He is a former employee of CRFR as a Firefighter/Paramedic and is now an elected Board member of CRFR.

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

8.      Defendant Ryan Welby is a citizen of the United States and a resident of St. Helens, Oregon. He is now an elected Board member of CRFR and serving as Vice-president.

9.      Defendant Kelly Niles ("Niles") is a citizen of the United States and a resident of Columbia City, Oregon. He is an elected Board Member of CRFR and serves as President of the Board.

10.     Defendant Aaron Peterson ("Peterson") is a citizen of the United States and a resident of Scappoose, Oregon. He is the Vice-president of the St. Helen's Professional Fire Fighters Association Local #3215 and is employed as a Firefighter/Paramedic by CRFR.

11.      Defendant Aaron Schrotzberger ("Schrotzberger") is a citizen of the United States and a resident of Scappoose, Oregon. He is the President of the St. Helen's Professional Fire Fighters Association Local #3215 and is employed as a Lieutenant Paramedic of CRFR.

12.     Defendant Lisa Strolis ("Strolis") is a citizen of the United States and a resident of Portland, Oregon. She is the Secretary/Treasurer of the St. Helen's Professional Fire Fighters Association Local #3215 and is employed as a single-role Paramedic by CRFR.

13.     Defendant Jeff Lockhart ("Lockhart") is a citizen of the United States and a resident of Portland, Oregon. He is the administrator of the St. Helen's Professional Fire Fighters Association Local #3215 Facebook website and is employed as a Firefighter/Paramedic by CRFR.

14.     Defendant Kyle Melton ("K. Melton") is a citizen of the United State and a resident of St. Helens, Oregon. He is the former Secretary/Treasurer of the St. Helen's Professional Fire Fighters Association Local #3215 and is employed as a Firefighter/Paramedic by CRFR.

15.     Defendant Rhonda Melton ("R. Melton") is a citizen of the United States and a resident of Warren, Oregon.

## JURISDICTION AND VENUE

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

16.     This Court has jurisdiction over this action according to 28 U.S.C. §§ 1331 and 1343(a), as the claims arise under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

17.     The Court has supplemental jurisdiction over the state law and common law claims in this action according to 28 U.S.C. § 1367.

18.     The venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial District.

## FACTS

19.     Plaintiff has met the governmental notice requirements under ORS 30.750 with the filing of this action.

20.     Plaintiff exhausted all administrative remedies as required before initiating this action.

21.     Plaintiff was the Fire Chief and an employee of Columbia River Fire & Rescue since December 21, 2020, pursuant to an Employment Agreement ("Agreement"), dated January 12, 2021.

22.     Plaintiff's Agreement provided employment protections to Plaintiff if CRFR sought to terminate Plaintiff without cause. Specifically, the Agreement provided:

> "The District may terminate this Agreement at any time upon 15-days written notice to the Chief. In such event, the Chief, if requested by the District, shall continue to render his services and shall be paid his regular compensation up to the date specified in the termination. If the Chief is terminated without cause, the Chief is eligible to receive a severance allowance of six months' compensation, plus one additional month of compensation for each full year of service up to a maximum of twelve months compensation total, less all amounts required to be withheld and deducted, upon execution of a waiver and release of claims prepared by the District and signed by Chief."

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

23.     Plaintiff's Agreement provided employment protections to Plaintiff if CRFR sought to discipline or terminate Plaintiff for cause. Specifically, the Agreement provided:

> "If the District, for disciplinary reasons, considers imposing termination, or other disciplinary action, which, if it includes suspension without pay would only be as permitted by the FLSA for exempt employees, and recognizing that employment is "at will" and that termination under this provision only affects the right of the Chief to receive the severance pay as set forth in C.1, above, the Chief shall receive notice of the basis of allegations against him and possible sanctions being considered. The Chief shall also be advised of the date and time when the District will consider the charges and possible sanctions. The Chief will be afforded an opportunity to refute the charges, either orally or in writing, before the District's Board and to have representation of his choice at the meeting. The Board of Directors will then deliberate upon the information provided, in executive session, and return at such time as it deems appropriate, after notice to the Chief, for final action."

24.     During Plaintiff's employment he performed the duties of the Fire Chief successfully and commendably without disciplinary actions. At no time was he advised of any breach of his duties or responsibilities as the Fire Chief.

25.     During the period beginning in January 2021, and until the resignation of the then CRFR Finance Director, Marit Nelson, on November 18, 2021, the Chief noticed budget irregularities. The Chief made requests to Ms. Nelson for financial information, reporting and backup documentation to allow him to understand the budget irregularities. In response to his requests, the Chief was not provided with complete and accurate information by Ms. Nelson. In fact, in one meeting with Ms. Nelson, Assistant Chief Eric Smythe and the Chief, Ms. Nelson stated that the finances and department were managed by the finance director and Chief Medina's responsibilities was to "play fireman".

26.     Over the course of the following 13 months, the Chief discovered financial irregularities, mismanagement of CRFR funds, non-compliance with grant funded positions, as well as other accounting control deficiencies.

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

27.     In his State of the District message at the January 10, 2023, board meeting, the Chief outlined for the Board members the problems he had been dealing with since his employment began.

28.     Sometime in about January 2023, employee Kate Lehner discovered several employees of CRFR were improperly enrolled in the PERS police/fire classification and brought this to the attention of Division Chief of Finance & Logistics, Jimmy Sanchez. Ultimately, this information was brought to the attention of the Chief.

29.     On February 9, 2023, Chief, Deputy Chief Eric Smythe, Division Chief Sanchez and Ms. Lehner, met with the Columbia County District Attorney Jeff Auxier and Assistant DA Kristen Hoffmeyer to report what they believed in good faith were violations of law including, but not limited to, credit card expenditures and lack of supporting documentation, lack of internal controls for credit card usage, impermissible PERS classifications, irregularities in past budgets, and blatant lies placed in the salary sections of the budgets sent to the Board and the State of Oregon. As a result of this meeting, the next day, District Attorney Auxier opened a criminal investigation.

30.     On February 23, 2023, the Chief issued Memo 2022-23-44 to PERS "correcting the improper placement of CRFR employees into Police & Fire PERS." The memo stated in relevant part:

> "While reviewing Columbia River Fire & Rescue's (CRFR) participation with Oregon Public Employees Retirement System (PERS) and the members eligible for Police and Fire PERS, we have identified that multiple ineligible members were inappropriately entered into Police and Fire PERS. Per the correspondence and documents from your office (emails attached) and ORS 238A, we have confirmed that these individuals were ineligible for this benefit.

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

The following members at no time have held a position with CRFR that would have qualified them to be placed in Police and Fire PERS. It is our duty to immediately correct this clear misappropriation of taxpayer funds within our district from current and past employees. We ask that the state immediately correct this misappropriation on behalf of all the first responders that qualify for this benefit and on behalf of the taxpayers of Columbia County and the state of Oregon."

| Last Name | First Name | DOB | Last 4 SS | Start Date | End Date | Job Title |
|-----------|-----------|-----|-----------|-----------|----------|-----------|
| Nelson | Marit | | | 6/9/2008 | 11/18/2021 | Finance Manager |
| Cerelli | Susan | | | 4/22/2013 | 9/16/2021 | EMS Billing |
| Holsey | Misty | | | 6/10/2009 | 10/14/2021 | EMS Billing |
| Cade | Monica | | | 4/1/2011 | 6/30/2022 | Retired Volunteer Services Coordinator |
| Motherway | Jennifer | | | 9/24/2012 | 2/7/2023 | Volunteer Recruitment Coordinator/PIO |
| Fletcher | Richard | | | 7/1/1996 | 5/31/2019 | Mechanic |
| Jordan | Duane | | | 9/1/2005 | 9/30/2018 | Mechanic |
| Everson | Randy | | | 1/2/1985 | 8/30/2005 | Mechanic |
| | | | | | | |

Richard Fletcher is currently a mechanic at Clatskanie Fire Department and may be categorized in Police/Fire PERS at that organization.

31.     The Memo was signed by the Chief, Deputy Chief Eric Smythe, and Division Chief Jimmy Sanchez.

32.     Thereafter, PERS, through the State of Oregon Attorney General's Office opened a criminal investigation and the Oregon State Police began its own investigation into possible criminal violations by unnamed employees and former employees of CRFR.

33.     On April 10, 2023, the St. Helen's Professional Fire Fighters Association Local #3215 issued a vote of no confidence against the Chief, in part claiming financial mismanagement and misconduct on the part of the Chief and called for the CRFR Board to terminate the Chief.

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

34.     Local #3215 prepared and published to its Facebook site statements which were false, not based on facts, with willful, wanton, and malicious intent to defame, to harm the Chief and to interfere with his Agreement with CRFR.

35.     On April 28, 2023, the CRFR Board met in an emergency meeting and directed CRFR's legal counsel to engage an independent forensic certified public accountant to audit CRFR's finances. Merina+CO was engaged to conduct the forensic audit, led by Rob Moody.

36.     In May 2023, three new persons were elected to the Board of Directors of CRFR, to wit, Richard Fletcher, Ryan Welby, and Austin Zimbrick. All three of their campaigns were underwritten and supported by the St. Helen's Professional Fire Fighters Association Local #3215.

37.     During their respective campaigns, each of them made comments that if elected they would immediately, even at the first meeting, move to fire the Chief. The St. Helen's Professional Fire Fighters Association Local #3215 likewise was calling for the termination of the Chief.

38.     As a result of the statements of Fletcher, Welby, Zimbrick, and Local #3215, before and after the election of Fletcher, Welby, and Zimbrick, the Chief had legitimate fear and concern that these new board members would take action to terminate him.

39.     On June 30, 2023, the CRFR board met in a special board meeting to receive the report of the forensic auditor. The auditor report Executive Summary stated:

> "Work performed by Merina+Co (MCO) in accordance with our engagement leads us to conclude that former employees of Columbia River Fire and Rescue (the District) had ample opportunity to perpetrate fraud against the District. We found internal controls over most areas of financial accounting and reporting of the District to be severely lacking in design and effectiveness in meeting common control objectives such as separation of initiation and authorization of transactions, safeguarding of assets, and effective oversight of the Finance Director and financial operations."

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

40.     The Objective of the forensic audit was stated as:

"The objective of Merina+Co's (MCO) engagement is to assist legal counsel to reconcile the competing views of plaintiffs in a civil suit against Columbia River Fire and Rescue (the District) and the current District's administration concerning fiscal administration and the propriety and legality of former employees' participation in the Oregon Public Employees Retirement System (PERS). Also included in the scope of our engagement is provision of expert analysis and opinions related to the District's records, financial accounting, and reporting practices in place or implied, and focused on issues arising in the District's current and past fiscal years as determined and refined throughout our engagement as requested and directed by the District's Board of Directors."

41.     The period reviewed in the forensic audit was stated as "Our review focused principally, but not exclusively, on calendar years 2019-2021."

42.     The forensic report did not find any financial mismanagement or misconduct had been committed by the Chief.

43.     On July 11, 2023, legal counsel for the Plaintiff sent a letter to the legal counsel of CRFR expressing the Plaintiff's concerns. The letter provided in relevant part:

"The forensic audit found a number of former and current employees, including a new board member themselves, that are implicated in questionable financial transactions, misuse of District provided credit cards, and failure to report proper payroll to SAIF, as well as PERS issues. These same individuals are conducting a campaign to drive Chief Medina and Division Chief Sanchez from the District, and from the state of Oregon altogether.

The IAFF, Local 3215, is actively making statements, through its officers and members, attempting to smear Chief Medina and Division Chief Sanchez. Some local businesses have even gone so far as to deny public accommodations to Chief Medina and Division Chief Sanchez and their families, including refusing to seat them in a restaurant where only one table was occupied, and in another seating them in an area of the restaurant where no one else was seated although there appeared to be available seating.

Chief Medina and Division Chief Sanchez believe that they are being victimized by persons that are trying to cover-up their own malfeasance and wrongdoing. In doing so, they are defaming them in an effort to drive them from their employment, ruin their credibility, and drive them from the District and the area

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

altogether. We intend to pursue all responsible parties to the full extent provided under the federal and state laws.

With the new District board members taking their oath of office tonight, we are concerned, based on their prior statements during and after the recent election cycle where they were elected, that this new board may act to place Chief Medina, and possibly even Division Chief Sanchez, on administrative leave, or even move to fire them outright. Such conduct would be deemed retaliatory, and we would act swiftly to file a tort claim notice and take other legal action against the District.

On another point, the meeting agenda posted to the District website for tonight's meeting did not include any old or new agenda items, and frankly is void of any meaningful notice of action to be taken by the board at tonight's meeting. If this is an indication of the notice that may have been posted elsewhere it would be wholly inadequate to provide notice under Oregon law. Thus, any action taken against Chief Medina or Division Chief Sanchez would be unlawful and a violation of their employment rights.

We respectfully request that you advise the District that they should take no adverse employment action against Chief Medina and Division Chief Sanchez."

44.     On July 11, 2023, the Board met and the newly elected persons, Fletcher, Welby, and Zimbrick were sworn in as new CRFR board members. Subsequently, Welby was elected as Vice-president of the Board, and Fletcher was elected as Secretary/Treasurer of the Board. The Board took no action was taken against the Chief in this meeting.

45.     On August 8, 2023, the Board met in its monthly board meeting. The notice of the meeting and the agenda did not specify or reflect that the Board would consider the continued employment of the Chief during this meeting.

46.     At no time did the Board provide notice to the Chief prior to the meeting that the Board was going to consider his termination for cause. This was in direct breach of the Plaintiff's Agreement.

47.     Upon the establishment of a quorum, the Board President, Kelly Niles, asked if there were any changes to the agenda. Thereupon, Board Vice-president Ryan Welby made a

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

motion to amend the agenda and a second was made by Board member Austin Zimbrick. The substance of the motion or reason for the motion was not stated.

48.     Niles then accepted the motion, as seconded, and opened it for discussion. Niles took no action to limit the discussion to the motion to amend the agenda. Whereupon Welby then stated the motion as follows:

> "The motion is to the [sic] termination of the Fire Chief. . . . Um, the whole point to terminate the Fire Chief as the employee we have to hold him in the highest operational and administrative position in the organization and is, therefore, held to higher standards of performance and attitude than other employees. With most cases of misconduct committed by an employee at this level, either counseling or discharge would be warranted, and intermediate levels of disciplinary action would be rare. Whereas, the Board has been confronted with misconduct that does not warrant counseling and which warrants immediate discharge for cause, misconduct which includes and but is not limited to intentional or repeated failure to comply with legal requirements, commission of acts of fraud, dishonesty, misappropriation of funds, immoral conduct, and other misconduct in the rendering of services on behalf of CRFR, repeated discourteous treatment of employees, subordinates, volunteers, and the public, and failure to comply with or refusal to faithfully, diligently, and effectively perform his duties and basic job requirements. Whereas Medina [Plaintiff] has been the subject of two votes of no confidence by his employees, which votes are based on voluminous instances of documented gross mismanagement and misconduct by Medina. And, whereas, the Board has no confidence in the ability of Medina [Plaintiff] to faithfully, diligently, and effectively lead CRFR. My a CR5, I think that Mr. Medina, Chief Medina [Plaintiff] should be discharged from his duties here as Fire Chief and his employment with Columbia River Fire and Rescue is terminated, for cause, effective immediately."

49.     No evidence or documents were presented to the Board in support of the statement by Welby that the Fire Chief had committed acts sufficient to establish cause for Plaintiff's termination. In fact, Board member Zimbrick stated "I would say this vote of no confidence entails for cause. I think that you can look out on the face of all the firefighters out there."

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

50.    Welby's motion to terminate the Chief was improper given that the motion to amend the agenda was then pending and the question had not been called for a vote. President Niles failed to limit the discussion to the pending motion to amend the agenda.

51.    The discussion of Welby's motion to terminate the Chief continued for approximately 30 minutes. Finally, President Niles stated that "we went out of order here so there is a little housekeeping we have to do on this. So, the original motion and second on the floor was to amend the agenda. [indecipherable] which will go past that so we are going to back up here. So, we have had enough discussion on that. All in favor to amend the agenda can signify by saying aye. [four ayes were heard, and one nay] We've amended the agenda and so we have a resolution here and I need a motion for a resolution."

52.    Welby made the motion, "I make a motion for the Resolution" without identifying the resolution by number. President Niles asked that Welby read out the number of the resolution. Welby then stated, "Resolution FY-23-24-02" and a second to the motion was made. President Niles then stated, "we have a motion and a second on the floor for Resolution FY-23-24-02. Is there further discussion?"

53.    Board member Gary Hudson then addressed the board members and stated, "one of the things you don't do is you don't convict someone on hearsay and so far I have heard a lot of allegations but have not seen anything substantial so if this is the way that this board wants to play the game I think it is going to be very expensive for the District."

54.    As President Niles was calling the question for a vote, someone requested that the Resolution be read in its entirety.

55.    President Niles then read out loud the Resolution which stated:

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

"RESOLUTION#: FY-23-24-02 TERMINATION OF EMPLOYMENT OF FIRE CHIEF

WHEREAS this matter came before the Board of Directors (herein signified as the Board) of Columbia River Fire & Rescue (CRFR) at its regular meeting on August 8, 2023;

WHEREAS Joel Medina (herein referred to as Chief Medina) is the Fire Chief of CRFR;

WHEREAS Chief Medina is employed by CRFR under a contract dated January 12, 2021;

WHEREAS Chief Medina, pursuant to his contract with CRFR, is an at-will employee who can be terminated at any time, with or without cause, with nothing in his contract to be interpreted as changing his status as an at will employee;

WHEREAS Chief Medina, pursuant to his contract with CRFR, is in the highest operational and administrative position in the organization and is, therefore, held to higher standards of performance and attitude than other employees, and with most cases of misconduct committed by an employee at this level, either counseling or discharge would be warranted, and intermediate levels of disciplinary action would be rare;

WHEREAS the Board has been confronted with misconduct that does not warrant counseling and which warrants immediate discharge for cause, misconduct which includes but is not limited to the following:

A.      Intentional or repeated failure to comply with legal requirements;

B.      Commission of acts of fraud, dishonesty, misappropriation of funds, immoral conduct, and other misconduct in the rendering of services on behalf of CRFR;

C.      Repeated discourteous treatment of employees, subordinates, volunteers, and the public; and

D.      Failure to comply with or refusal to faithfully, diligently, and effectively perform his duties and basic job requirements;

WHEREAS Chief Medina has been the subject of two votes of no confidence by his employees, which votes are based on voluminous instances of documented gross mismanagement and misconduct by Chief Medina; and

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

WHEREAS the Board has no confidence in the ability of Chief Medina to faithfully, diligently, and effectively lead CRFR;
now, therefore,

IT IS HEREBY RESOLVED that Joel Medina is discharged from the duties as the Fire Chief, and his employment with Columbia River Fire & Rescue is terminated, for cause, effective immediately.

ADOPTED this 8th day of August, 2023. And there is signature lines for the Board. That is the resolution."

56.     After the reading of the resolution, Board member Gary Hudson stated:

"You guys all got your finances squared away? I am concerned for you guys. I am also concerned for this district. I have been involved with this district for over 50 years now. . . . But this little action here puts the District in more danger than I could have imagined."

57.     The board then voted to terminate the Chief on a voice vote, with Fletcher, Welby and Zimbrick voting aye, Hudson voting nay, and Niles abstaining.

58.     Defendants Fletcher, Welby, Zimbrick, and Niles' acts on August 8, 2023, constituted willful, wanton, malicious conduct.

59.     Throughout the course of the Plaintiff's employment as Fire Chief with CRFR, he has been subjected to defamation by oral and written statements made by Defendants Fletcher, Zimbrick, Welby, Niles, Peterson, Schrotzberger, K. Melton, Lockhart, Stolis, and R. Melton at public board meetings of CRFR, on Defendant St. Helen's Professional Fire Fighters Association Local #3215, Facebook site, in text messages, and statements made to the local media newspapers, The Chronicle and The Spotlight.

60.     Defendants' statements were willful, wanton, and made with malice, without regard for the truthfulness of such statements, and with the intent to interfere with the Plaintiff's Agreement with CRFR.

## CLAIMS FOR RELIEF

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

## COUNT 1: VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

61.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

62.     Defendants' actions, as described herein, violated the Plaintiff's First Amendment rights to free speech under the United States Constitution and 42 U.S.C. § 1983.

63.     Plaintiff seeks compensatory damages in an amount to be determined at trial for loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's First Amendment right, but no less than $500,000.00.

64.     Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to his reputation caused by Defendants' actions, but no less than $300,000.00.

65.     Plaintiff seeks punitive damages against Defendants for their willful, wanton, and malicious conduct in violating Plaintiff's First Amendment rights and to deter similar behavior in the future.

66.     Plaintiff seeks reasonable attorneys' fees and costs according to 42 U.S.C. § 1983.

## COUNT 2: VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

67.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

68.     Defendants' actions, as described herein, violated the Plaintiff's Fourteenth Amendment rights to due process under the United States Constitution and 42 U.S.C. § 1983.

69.     Plaintiff had a liberty interest in his continued employment with CRFR under the terms of his Agreement.

70.     Defendants CRFR and Fletcher, Welby, Zimbrick, and Niles failed to provide notice to Plaintiff of the Board's intent to terminate his employment on August 8, 2023, in breach of his Agreement.

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

71.    As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff suffered and continues to suffer damages.

72.    The Plaintiff seeks compensatory damages in an amount to be determined at trial for the loss of wages, benefits, and other financial losses due to the Defendants' violation of the Plaintiff's Fourteenth Amendment rights.

73.    The Plaintiff seeks damages for emotional distress, mental anguish, pain and suffering, and harm to their reputation caused by the Defendants' actions.

74.    The Plaintiff seeks punitive damages against Fletcher, Welby, Zimbrick, and Niles (only) in their individual capacity for their willful, wanton, and malicious conduct in violating the Plaintiff's Fourteenth Amendment rights and to deter similar behavior in the future.

75.    In the alternative, Plaintiff is entitled to nominal damages.

76.    Plaintiff is entitled to injunctive relief.

77.    Plaintiff seeks reasonable attorney fees and costs according to 42 U.S.C. § 1988.

## STATE CLAIMS FOR RELIEF DUE TO DISCRIMINATION AND RETALIATION
### Count 1
### Discrimination and Retaliation ORS 659A.030

78.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

79.    Plaintiff is a member of a protected class because he engaged in protected activity when making a good faith report in the public interest about misconduct by public employees and public officials.

80.    Plaintiff suffered an adverse employment action when Defendants CRFR, Fletcher, Welby, and Zimbrick terminated Plaintiff for his protected activity.

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

81.     Defendants' adverse employment action was directly related to the good faith reports made by the Plaintiff.

82.     The Defendants' acts to terminate Plaintiff and harass him are directly related and proximately related to the harm that Plaintiff has suffered.

83.     Plaintiff is entitled to economic damages for back pay and front pay, according to proof, but no less than $1,000,000.00.

84.     Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $2,000,000.00.

85.     Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

86.     Plaintiff is entitled to reinstatement of his employment position with back pay and benefits.

87.     Plaintiff is entitled to Attorney fees and costs under ORS 659A.885; the prevailing Plaintiff in a discrimination action may recover reasonable attorney fees and expenses associated with litigating the case.

## COUNT 2

### Discrimination and Retaliation ORS 659A.199

88.     Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

89.     Plaintiff reasserts damages listed in paragraphs 82-86.

90.     Plaintiff is entitled to punitive damages under 695A.885(3)(a).

91.     Plaintiff is entitled to Attorney fees and costs under ORS 659A.885.

## COUNT 3

### Retaliation ORS 659A.203(1)(b)(A)(B)

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

92.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

93.    Defendant    CRFR    is    a    political    subdivision    according    to    ORS
659A.203(1)(b)(A)(B).

94.    Defendants CRFR, Fletcher, Welby, and Zimbrick attempted to discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions by Plaintiff of violations of any federal, state or local law, rule or regulation by CRFR and/or mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of CRFR.

95.    Plaintiff reasserts damages listed in paragraphs 82-86.

96.    Plaintiff is entitled to punitive damages under 659A.885(3)(a).

97.    Plaintiff is entitled to Attorney fees and costs under ORS 659A.885.

## COUNT 4

### Discrimination and Retaliation ORS 659A.230(1)

98.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

99.    Plaintiff has in good faith reported criminal activity of employees and former employees.

100.    Defendants took action to discharge and retaliate against the Plaintiff with regard to the Plaintiff's terms, conditions or privileges of employment for the reason that the Plaintiff in good faith reported criminal activity of employees and former employees and has in good faith cooperated with the Columbia County District Attorney's Office and the Oregon State Police conducting a criminal investigation.

101.    Plaintiff reasserts damages listed in paragraphs 82-86.

102.    Plaintiff is entitled to punitive damages under ORS 659A.885(3)(a).

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

103.    Plaintiff is entitled to Attorney fees and costs under ORS 659A.885.

## COUNT 5

### Aiding and Abetting Discrimination and Retaliation ORS 659A.030(1)(g)

104.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

105.    Defendants Local #3215, Fletcher, Welby, Zimbrick, Peterson, Schrotzberger, Stolis, Lockhart, K. Melton and R. Melton aided and abetted in the discrimination and retaliation by CRFR of the Plaintiff.

106.    Plaintiff reasserts damages listed in paragraphs 82-86.

107.    Plaintiff is entitled to punitive damages under ORS 659A.885(3)(a).

108.    Plaintiff is entitled to Attorney fees and costs under ORS 65A.885.

## STATE CLAIM FOR DEFAMATION

109.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

110.    Defendants have taken a course of action collectively to defame Plaintiff due to his race and because he in good faith reported activities of employees and former employees that he believed were evidence of criminal violations of federal or state law, rules or regulations.

111.    Defendants have published statements on Local #3215's Facebook site accusing Plaintiff of gross misconduct, fraud, dishonesty, and financial misconduct in his employment with CRFR.

112.    Defendants have also used other social media sites including, but not limited to, TWITTER accusing Plaintiff of gross misconduct, fraud, dishonesty, and financial misconduct.

113.    As a direct and proximate result of Defendants' actions and statements, CRFR and Fletcher, Welby, and Zimbrick took action to terminate Plaintiff's employment from CRFR.

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

114.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic, non-economic, and special damages, in an amount not less than $1,000,000.00.

115.    Plaintiff is entitled to such other relief as is just and equitable.

## STATE CLAIM FOR WRONGFUL DISCHARGE

116.    Plaintiff includes by reference all preceding paragraphs as if fully set forth herein.

117.    Defendants CRFR, Fletcher, Welby, and Zimbrick lacked cause to terminate Plaintiff for reporting unlawful conduct by employees and former employees of CRFR.

118.    Plaintiff was exercising an important societal right as an individual to report wrongdoing of public employees and former public employees to protect CRFR and the taxpayers of Columbia County.

119.    Defendants failed to follow the terms of the Plaintiff's Agreement and provide notice the CRFR Board was going to consider termination of the Plaintiff at its August 8, 2023 board meeting.

120.    As a result of Plaintiff's reports Plaintiff was terminated from his employment.

121.    Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $1,000,000.00.

122.    Plaintiff is entitled to recover damages for loss to his reputation in an amount to be determined at trial but no less than $2,000,000.00.

123.    Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

INNOVA LEGAL ADVISORS, P. C.
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

**Federal Claims, Counts 1 and 2:**

1.      Plaintiff is entitled to economic damages for back pay and front pay, according to proof, but no less than $500,000.00.

2.      Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from retaliation, but no less than $300,000.00.

3.      Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

4.      Plaintiff is entitled to reinstatement to his employment position with back pay and benefits.

5.      Plaintiff is entitled to Attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

6.      Punitive damages against Fletcher, Welby, and Zimbrick in their individual capacity, according to proof.

**State Claims For Counts 1, 2, 3, 4, 5:**

7.      The Plaintiff is entitled to economic damages according to proof, but no less than $1,000,000.00.

8.      Plaintiff is entitled to non-economic damages according to proof, including emotional distress, pain and suffering, and harm to reputation resulting from discrimination and retaliation, but no less than $2,000,000.00.

9.      Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.

10.      Plaintiff is entitled to reinstatement of his employment position with back pay and benefits.

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

11.     Plaintiff is entitled to punitive damages against Local #3215, Fletcher, Welby, Zimbrick, Peterson, Schrotzberger, Stolis, Lockhart, K. Melton and R. Melton, according to proof.

12.     Plaintiff is entitled to Attorney fees and costs under ORS 659A.885; the prevailing party in a discrimination action may be awarded reasonable attorney fees and expenses associated with litigating this case.

**State Claim for Relief Defamation:**

13.     The Plaintiff is entitled to economic, non-economic, and special damages according to proof, but no less than $1,000,000.00.

14.     Plaintiff is entitled to such other relief as is just and equitable.

**State Claim for Relief Wrongful Termination**

15.     Plaintiff is entitled to recover damages for back pay and front pay according to proof but no less than $1,000,000.00.

16.     Plaintiff is entitled to recover damages for loss of his reputation in an amount to be determined at trial but no less than $2,000,000.00.

17.     Plaintiff is entitled to recover emotional distress damages according to proof but no less than $150,000.00.

/////

/////

/////

/////

/////

/////

/////

**INNOVA LEGAL ADVISORS, P. C.**
1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
(503) 479-7175—FAX (503) 905-8766

For any and all other claims or remedies determined by the Court.


Dated this 17th day of August 2023.


Respectfully submitted,

**INNOVA LEGAL ADVISORS, P. C.**


By: /s/ Ronald G. Guerra

Ronald G. Guerra, OSB #943272
Email: ron.guerra@innovalegaladvisors.com

Robert F. Blackmore, OSB #814558
Email: bob.blackmore@innovalegaladvisors.com

1 Centerpointe Dr., Ste. 530
Lake Oswego, OR 97035
Telephone: (503) 479-7175
Facsimile: (503) 905-8766

Of Attorneys for Joel A. Medina