Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
        Of Attorneys for Defendants CRFR,
        Fletcher, Niles, Zimbrick, and Welby

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOEL A. MEDINA**, | No. 3:23-cv-01203-AB |
| Plaintiff, | **DECLARATION OF JENNIFER GADDIS IN SUPPORT OF DEFENDANTS COLUMBIA RIVER FIRE & RESCUE, RICHARD FLETCHER, KELLY NILES, AUSTIN ZIMBRICK, AND RYAN WELBY'S MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES** |
| vs. | |
| **COLUMBIA RIVER FIRE & RESCUE**, an Oregon Municipality, **RICHARD FLETCHER,** as an individual, **KELLY NILES**, as an individual, **AUSTIN ZIMBRICK**, as an individual, **RYAN WELBY**, as an individual, **ST. HELENS PROFESSIONAL FIRE FIGHTERS ASSOCIATION LOCAL #3215**, an Oregon non-profit corporation, **AARON PETERSON**, as an individual, **AARON SCHROTZBERGER**, as an individual, **LISA STROLIS**, as an individual, **JEFF LOCKHART**, as an individual, **KYLE MELTON**, as an individual, **RHONDA MELTON**, as an individual, | |
| Defendants. | |

I, Jennifer M. Gaddis, swear under penalty of perjury that the following is true:

1.      I am one of the attorneys of record for Defendants Columbia River Fire & Rescue,

DECLARATION OF JENNIFER GADDIS IN SUPPORT OF DEFENDANTS'      Page - 1
 MOTION TO AMEND: Joel Medina v. Columbia River Fire & Rescue, et al.

Richard Fletcher, Kelly Niles, Austin Zimbrick, and Ryan Welby ("District Defendants").

2.      I make this Declaration in Support of the District Defendants' Motion to Amend their Answer and Affirmative Defenses.

3.      I have personal knowledge of the facts set forth herein and make this Declaration based upon my personal knowledge, and I am competent to testify herein.

4.      Prior to filing this motion, I conferred with Plaintiff's counsel, but we were unfortunately unable to resolve this matter without the Court's assistance.

5.      The District Defendants seek to add the affirmative defense of after-acquired evidence to their original pleading.

6.      Attached hereto as *Exhibit 1* is a true and accurate copy of the District Defendants' proposed Amended Answer and Affirmative Defenses, which adds the affirmative defense of After-Acquired Evidence.

7.      Trial is this matter is set for September 21, 2026, through October 2, 2026. The factual discovery deadline in this case is October 31, 2025. The first deposition of a witness is not yet set, and the parties have just begun the exchange of paper discovery.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.
        DATED April 14, 2025.


                        GARRETT HEMANN ROBERTSON P.C.


                                *s/ Jennifer M. Gaddis*
                        Kim E. Hoyt, OSB No. 914080
                            khoyt@ghrlawyers.com
                        Jennifer M. Gaddis, OSB No. 071194
                            jgaddis@ghrlawyers.com
                        Of Attorneys for Defendants CRFR,
                        Fletcher, Niles, Zimbrick, and Welby


DECLARATION OF JENNIFER GADDIS IN SUPPORT OF DEFENDANTS'          Page - 2
  MOTION TO AMEND: Joel Medina v. Columbia River Fire & Rescue, et al.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DECLARATION OF JENNIFER GADDIS IN SUPPORT OF DEFENDANTS' MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below,

[  ]      Via First-Class Mail with postage prepaid
[  ]      Via Facsimile Transmission
[X]      Via Electronic Filing Notice
[X]      Via Email
[  ]      Via Hand Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Randy J. Harvey, *OSB No. 116714*
Andrew T. Mittendorf, *OSB No. 205394*
Patrick G. Conroy, *OSB No. 223806*
Employment Law Professionals Northwest, LLC
20015 SW Pacific Hwy, Ste. 221
Sherwood, OR 97140
*Phone: (503) 822-5340*
*Facsimile: (503) 433-1404*
*Email: randy@elpnw.com*
     *andrew@elpnw.com*
     *patrick@elpnw.com*
     Of Attorneys for Plaintiff

Noah S. Warman, *OSB No. 172513*
Tedesco Law Group
1316 NE Broadway St Unit A
Portland OR  97232
*Phone: (503) 697-6015*
*Facsimile: (503) 210-9847*
*Email: noah@tlglabor.com*
     Of Attorneys for Defendants St. Helens, Peterson, Schrotzberger, Strolis, Lockhart, and Kyle Melton

Lori DeDobbelaere, OSB # 940655
Kilmer, Voorhees & Laurick, PC
2701 NW Vaughn St., Suite 780
Portland, Oregon 97210
*Phone: (503) 224-0055*
*Facsimile: (503) 222-5290*
*Email: ldedobbelaere@kilmerlaw.com*
     Of Attorneys for Defendant Rhonda Melton

DATED April 14, 2025.

GARRETT HEMANN ROBERTSON P.C.

*s/ Jennifer M. Gaddis*
_____
Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Jennifer M. Gaddis, OSB No. 071194
jgaddis@ghrlawyers.com
Of Attorneys for Defendants CRFR, Fletcher, Niles, Zimbrick, and Welby

Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
        Of Attorneys for Defendants CRFR,
        Fletcher, Niles, Zimbrick, and Welby

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOEL A. MEDINA**, | Case No.    3:23-cv-01203-HZ |
| Plaintiff, | **DEFENDANTS COLUMBIA RIVER FIRE & RESCUE, RICHARD FLETCHER, KELLY NILES, AUSTIN ZIMBRICK, AND RYAN WELBY'S <span style="color:red">FIRST AMENDED</span> ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| **COLUMBIA RIVER FIRE & RESCUE**, an Oregon Municipality, **RICHARD FLETCHER,** as an individual, **KELLY NILES**, as an individual, **AUSTIN ZIMBRICK**, as an individual, **RYAN WELBY**, as an individual, **ST. HELENS PROFESSIONAL FIRE FIGHTERS ASSOCIATION LOCAL #3215**, an Oregon non-profit corporation, **AARON PETERSON**, as an individual, **AARON SCHROTZBERGER**, as an individual, **LISA STROLIS**, as an individual, **JEFF LOCKHART**, as an individual, **KYLE MELTON**, as an individual, **RHONDA MELTON**, as an individual, | |
| Defendants. | |

Defendants, Columbia River Fire & Rescue ("CRFR"), Richard Fletcher ("Defendant Fletcher"), Kelly Niles ("Defendant Niles"), Austin Zimbrick ("Defendant Zimbrick") and Ryan Welby ("Defendant Welby"), (collectively "CRFR Defendants") answer Plaintiff's

DEFENDANTS CRFR, ET AL.'S <span style="color:red">FIRST AMENDED</span> ANSWER AND        Page - 1
AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 1 of 20

complaint as follows:

## I.    INTRODUCTION

### 1.

Paragraph 1 is Plaintiff's statement regarding the nature of his claims and the remedies sought and does not require a response from CRFR Defendants. CRFR Defendants deny any and all unlawful conduct and deny Plaintiff is entitled the remedies requested.

### 2.

Paragraph 2 is Plaintiff's statement regarding the applicability of supplemental jurisdiction to his state claims and does not require a response from CRFR Defendants. CRFR Defendants do not contest jurisdiction for plaintiff's claims as currently alleged.

## II.    PARTIES

### 3.

CRFR Defendants admit that Plaintiff worked as Fire Chief of CRFR. CRFR Defendants lack sufficient information to confirm or deny the remaining allegations in paragraph 3 and therefore deny them on that basis.

### 4.

CRFR Defendants admit paragraph to the extent that it alleges that CRFR is a special district organized under the laws of the State of Oregon for a limited purpose. To the extent paragraph 4 makes additional allegations, they are denied.

### 5.

Paragraph 5 is not directed at CRFR Defendants, and therefore, no response is required from CRFR Defendants. To the extent facts are alleged against CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny the allegations in paragraph 5 and therefore deny them on that basis.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES: Joel Medina v. Columbia River Fire & Rescue, et al.    Page - 2

6.

CRFR Defendants admit that Defendant Fletcher is a citizen of the United States and is an elected CRFR Board member, now serving as Secretary/Treasurer. CRFR Defendants lack sufficient information to confirm or deny the remaining allegations in paragraph 6 and therefore deny them on that basis.

7.

CRFR Defendants admit that Defendant Zimbrick is a citizen of the United States and is an elected CRFR Board member, now serving as Director. CRFR Defendants lack sufficient information to confirm or deny the remaining allegations in paragraph 7 and therefore deny them on that basis.

8.

CRFR Defendants admit that Defendant Welby is a citizen of the United States and is an elected CRFR Board member, now serving as the Board Vice President. CRFR Defendants lack sufficient information to confirm or deny the remaining allegations in paragraph 8 and therefore deny them on that basis.

9.

CRFR Defendants admit that Defendant Niles is a citizen of the United States and is an elected CRFR Board member, now serving as the Board President. CRFR Defendants lack sufficient information to confirm or deny the remaining allegations in paragraph 9 and therefore deny them on that basis.

10.

Paragraph 10 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 10 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 3

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 3 of 20

11.

Paragraph 11 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 11 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

12.

Paragraph 12 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 12 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

13.

Paragraph 13 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 13 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

14.

Paragraph 14 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 14 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

15.

Paragraph 15 is not directed at CRFR Defendants, and therefore, no response is required. To the extent paragraph 15 contains allegations directed at CRFR Defendants, CRFR Defendants lack sufficient information to confirm or deny and therefore deny the same.

III.    JURISDICTION AND VENUE

16.

Paragraph 16 is Plaintiff's statement regarding jurisdiction and does not require a response from CRFR Defendants. CRFR Defendants do not contest jurisdiction as to plaintiff's claims as currently alleged.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 4

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 4 of 20

17.

Paragraph 17 is Plaintiff's statement regarding supplemental jurisdiction and does not require a response from CRFR Defendants. CRFR Defendants do not contest jurisdiction as to plaintiff's claims as currently alleged.

18.

Paragraph 18 is Plaintiff's statement regarding venue and does not require a response from CRFR Defendants. CRFR Defendants do not contest venue as to plaintiff's claims as currently alleged.

## IV.    FACTUAL ALLEGATIONS

19.

CRFR Defendants lack sufficient information to admit or deny the allegation in paragraph 19 and therefore deny on that basis.

20.

CRFR Defendants lack sufficient information to admit or deny the allegation in paragraph 20 and therefore deny on that basis.

21.

CRFR Defendants admit that Plaintiff was hired as the Fire Chief, effective December 21, 2020, pursuant to an Employment Agreement ("Agreement") dated January 12, 2021. CRFR Defendants admit that Plaintiff was an employee of CRFR.

22.

CRFR Defendants deny Plaintiff's characterization of the terms of the Agreement. CRFR Defendants allege that the terms of the Agreement speak for themselves. To the extent these allegations vary from the record, they are denied.

23.

CRFR Defendants deny Plaintiff's characterization of the terms of the Agreement. CRFR

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 5

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 5 of 20

Defendants allege that the terms of the Agreement speak for themselves. To the extent these allegations vary from the record, they are denied.

24.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 24 and therefore deny them on that basis.

25.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 25 and therefore deny them on that basis.

26.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 26 and therefore deny them on that basis.

27.

CRFR Defendants admit that plaintiff, in his State of the District message at the January 10, 2023 Board meeting, identified what he alleged were problems he faced since he began his employment at CRFR.

28.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 28 and therefore deny them on that basis.

29.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 29 and therefore deny them on that basis.

30.

CRFR Defendants admit that on February 23, 2023, the Chief issued Memo 2022-23-44 to PERS. CRFR Defendants allege that the memo speaks for itself. To the extent these allegations vary from the record, they are denied.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 6

31.

CRFR Defendants admit that the memo was signed by Chief, Deputy Chief Eric Smythe, and Division Chief Jimmy Sanchez.

32.

CRFR Defendants admit the allegations in paragraph 32.

33.

Paragraph 33 is not directed to CRFR Defendants, and therefore, no response is required from CRFR Defendants. To the extent paragraph 33 contains allegations against CRFR Defendants, CRFR Defendants lack sufficient information to admit or deny them and therefore deny the same on that basis.

34.

Paragraph 34 is not directed to CRFR Defendants, and therefore, no response is required from CRFR Defendants. To the extent paragraph 34 contains allegations against CRFR Defendants, CRFR Defendants lack sufficient information to admit or deny them and therefore deny the same on that basis.

35.

CRFR Defendants admit that on or about April 28, 2023, CRFR directed legal counsel to engage an independent, forensic-certified accountant to audit finances. CRFR Defendants further admit that Merina+CO was engaged to conduct the forensic audit. CRFR Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 35 and therefore deny the same.

36.

CRFR Defendants admit that in May 2023, three new persons were elected to the Board of Directors of CRFR, to wit, Richard Fletcher, Ryan Welby, and Austin Zimbrick. CRFR Defendants lack sufficient information to admit or deny the remaining allegation in paragraph 36 and therefore deny it on that basis.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 7

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 7 of 20

37.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 37 and therefore deny them on that basis.

38.

CRFR Defendants lack sufficient information to admit or deny the allegations in paragraph 38 and therefore deny them on that basis.

39.

CRFR Defendants admit that on June 30, 2023, the CRFR Board met to receive the forensic audit report. CRFR Defendants allege that the report speaks for itself. To the extent these allegations vary from the record, they are denied.

40.

CRFR Defendants allege that the report speaks for itself. To the extent these allegations vary from the record, they are denied.

41.

CRFR Defendants admit that the period reviewed in the forensic audit was stated as principally on the calendar years of 2019-2021.

42.

CRFR Defendants admit that the forensic report did not make any formal findings regarding mismanagement or misconduct committed by particular individuals. CRFR Defendants deny any remaining allegations in paragraph 42.

43.

CRFR Defendants admit that legal counsel for Plaintiff sent a letter, dated July 11, 2023, to the legal counsel for CRFR. CRFR Defendants allege that the letter speaks for itself. To the extent these allegations vary from the record, they are denied.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 8

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 8 of 20

44.

CRFR Defendants admit the allegations in paragraph 44.

45.

CRFR Defendants admit that on August 8, 2023 the Board met in a Board meeting. The CRFR Defendants have insufficient information to admit or deny the remaining allegations in paragraph 45 and therefore deny them on that basis.

46.

Paragraph 46 is a legal conclusion and to which no response is required. CRFR Defendants have insufficient information to admit or deny the remaining allegations in paragraph 46 and therefore deny them on that basis.

47.

CRFR Defendants admit that, upon the establishment of a quorum, the CRFR Board President, Kelly Niles, asked if there were any changes to the agenda, and Defendant Welby made a motion to amend the agenda. CRFR admits that a second was made by Defendant Zimbrick. CRFR Defendants deny the remaining allegation in paragraph 47.

48.

CRFR Defendants admit that Defendant Niles accepted the motion, as seconded, and opened it for discussion. CRFR Defendants allege that the Board Meeting Minutes speak for themselves. To the extent these allegations vary from the record, they are denied.

49.

CRFR Defendants allege that the video record of the Board Meeting speaks for itself, as to verbal statements made at the Board meeting. To the extent these allegations vary from the video record, they are denied. CRFR Defendants have insufficient information to admit or deny the remaining allegations in paragraph 49 and therefore deny them on that basis.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 9

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 9 of 20

50.

Paragraph 50 is a legal conclusion to which no response is required. To the extent paragraph 50 contains factual allegations, CRFR Defendants deny them.

51.

CRFR Defendants allege that the video record of the Board Meeting speaks for itself, as to audible verbal statements made at the Board meeting. To the extent these allegations vary from the video record, they are denied.

52.

CRFR Defendants allege that the Board Meeting Minutes and video record of the Board Meeting speak for themselves, as to the audible verbal statements made at the Board meeting and record of the Minutes. To the extent these allegations vary from the records, they are denied.

53.

CRFR Defendants allege that the video record of the Board Meeting speaks for itself, as to audible verbal statements made at the Board meeting. To the extent these allegations vary from the video record, they are denied.

54.

CRFR Defendants allege that the video record of the Board Meeting speaks for itself, as to audible verbal statements made at the Board meeting. To the extent these allegations vary from the video record, they are denied.

55.

CRFR Defendants allege that the Resolution record and video record of the Board Meeting speak for themselves. To the extent these allegations vary from the record, they are denied.

56.

CRFR Defendants allege that the video record of the Board Meeting speaks for itself, as to audible verbal statements made at the Board meeting. To the extent these allegations vary from the

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND                    Page - 10
AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

video record, they are denied.

57.

CRFR Defendants admit the allegations in paragraph 57.

58.

CRFR Defendants deny the allegations in paragraph 58.

59.

CRFR Defendants deny the allegations in paragraph 59.

60.

CRFR Defendants deny the allegations in paragraph 60.

## V.    CLAIMS FOR RELIEF

### COUNT 1:

### VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

61.

No response to paragraph 61 is necessary. To the extent paragraph 61 alleges facts against CRFR Defendants, CRFR Defendants deny them.

62.

CRFR Defendants deny the allegation in paragraph 62.

63.

CRFR Defendants deny the allegation in paragraph 63 and deny that Plaintiff is entitled to the relief requested.

64.

CRFR Defendants deny the allegation in paragraph 64 and deny that Plaintiff is entitled to the relief requested.

65.

CRFR Defendants deny the allegation in paragraph 65 and deny that Plaintiff is entitled to

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND                    Page - 11
AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

USDC Case No. 3:23-cv-01203-HZ                                        Exhibit 1
                                                                     Page 11 of 20

the relief requested.

66.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 66.

## COUNT 2:

## VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

67.

No response to paragraph 67 is necessary. To the extent paragraph 67 alleges facts against CRFR Defendants, CRFR Defendants deny them.

68.

CRFR Defendants deny the allegations in paragraph 68.

69.

CRFR Defendants deny the allegations in paragraph 69.

70.

CRFR Defendants deny the allegations in paragraph 70.

71.

CRFR Defendants deny the allegation in paragraph 71 and deny that Plaintiff is entitled to the relief requested.

72.

CRFR Defendants deny the allegation in paragraph 72 and deny that Plaintiff is entitled to the relief requested.

73.

CRFR Defendants deny the allegation in paragraph 73 and deny that Plaintiff is entitled to the relief requested.

74.

CRFR Defendants deny the allegation in paragraph 74 and deny that Plaintiff is entitled to

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND                Page - 12
AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

USDC Case No. 3:23-cv-01203-HZ                              Exhibit 1
                                                           Page 12 of 20

the relief requested.

75.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 75.

76.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 76.

77.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 77.

## STATE CLAIMS FOR RELIEF DUE TO DISCRIMINATION AND RETALIATION

### COUNT 1:

### Discrimination and Retaliation ORS 659A.030

78.

No response to paragraph 78 is necessary. To the extent paragraph 78 alleges facts against CRFR Defendants, CRFR Defendants deny them.

79.

CRFR Defendants deny the allegations in paragraph 79.

80.

CRFR Defendants deny the allegations in paragraph 80.

81.

CRFR Defendants deny the allegations in paragraph 81.

82.

CRFR Defendants deny the allegations in paragraph 82.

83.

CRFR Defendants deny the allegations in paragraph 83 and deny that Plaintiff is entitled to the relief requested.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 13

84.

CRFR Defendants deny the allegations in paragraph 84 and deny that Plaintiff is entitled to the relief requested.

85.

CRFR Defendants deny the allegations in paragraph 85 and deny that Plaintiff is entitled to the relief requested.

86.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 86.

87.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 87.

## COUNT 2:

### Discrimination and Retaliation ORS 659A.199

88.

No response to paragraph 88 is necessary. To the extent paragraph 88 alleges facts against CRFR Defendants, CRFR Defendants deny them.

89.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 89.

90.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 90.

91.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 91.

## COUNT 3:

### Retaliation ORS 659A.203(1)(b)(A)(B)

92.

No response to paragraph 92 is necessary. To the extent paragraph 92 alleges facts against

DEFENDANTS CRFR, ET AL.'S <u>FIRST AMENDED</u> ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 14

CRFR Defendants, CRFR Defendants deny them.

93.

Paragraph 93 is a legal conclusion to which no response is required. To the extent paragraph 93 contains allegations against CRFR Defendants, CRFR Defendants deny the same.

94.

CRFR Defendants deny the allegations in paragraph 94.

95.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 95.

96.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 96.

97.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 97.

## COUNT 4:

### Discrimination and Retaliation ORS 659A.230(1)

98.

No response to paragraph 98 is necessary. To the extent paragraph 98 alleges facts against CRFR Defendants, CRFR Defendants deny them.

99.

CRFR Defendants deny the allegations in paragraph 99.

100.

CRFR Defendants deny the allegations in paragraph 100.

101.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 101.

102.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 102.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 15

103.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 103.

**COUNT 5:**

**Aiding and Abetting Discrimination and Retaliation ORS 659A.030(1)(g)**

104.

No response to paragraph 104 is necessary. To the extent paragraph 104 alleges facts against CRFR Defendants, CRFR Defendants deny them.

105.

CRFR Defendants deny the allegations in paragraph 105.

106.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 106.

107.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 107.

108.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 108.

**STATE CLAIM FOR DEFAMATION**

109.

No response to paragraph 109 is necessary. To the extent paragraph 109 alleges facts against CRFR Defendants, CRFR Defendants deny them.

110.

CRFR Defendants deny the allegations in paragraph 110.

111.

CRFR Defendants deny the allegations in paragraph 111.

112.

CRFR Defendants deny the allegations in paragraph 112.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 16

113.

CRFR Defendants deny the allegations in paragraph 113.

114.

CRFR Defendants deny the allegations in paragraph 114 and deny that Plaintiff is entitled to the relief requested.

115.

CRFR Defendants deny that Plaintiff is entitled to the relief requested in paragraph 115.

## STATE CLAIM FOR WRONGFUL DISCHARGE

116.

No response to paragraph 116 is necessary. To the extent paragraph 116 alleges facts against CRFR Defendants, CRFR Defendants deny them.

117.

CRFR Defendants deny the allegations in paragraph 117.

118.

Paragraph 118 is Plaintiff's characterization of his actions and does not require a response from CRFR Defendants. To the extent paragraph 118 alleges facts against CRFR Defendants, CRFR Defendants deny them.

119.

CRFR Defendants deny the allegations in paragraph 119.

120.

CRFR Defendants deny the allegations in paragraph 120.

121.

CRFR Defendants deny the allegations in paragraph 121 and deny that Plaintiff is entitled to the relief requested.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 17

USDC Case No. 3:23-cv-01203-HZ

Exhibit 1
Page 17 of 20

122.

CRFR Defendants deny the allegations in paragraph 122 and deny that Plaintiff is entitled to the relief requested.

123.

CRFR Defendants deny the allegations in paragraph 123 and deny that Plaintiff is entitled to the relief requested.

124.

Except as expressly admitted herein, Defendants deny each and every allegation of Plaintiff's Complaint.

125.

Defendants demand trial by jury.

## FIRST AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

126.

Plaintiff's claims are subject to the conditions, limitations and immunities found in the Oregon Tort Claims Act, ORS 30.265, et. seq.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

127.

Plaintiff's Complaint fails to state a claim on which relief can be granted against CRFR Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

128.

Plaintiff failed to mitigate his damages.

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 18

## FOURTH AFFIRMATIVE DEFENSE

### (Discretionary/Qualified Immunity)

129.

CRFR Defendants are immune from liability based upon discretionary acts resulting in qualified immunity under ORS 30.265 and at common law.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

130.

Plaintiff's alleged injuries were caused in whole or in part by Plaintiff's own negligence.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Third Party)

131.

Plaintiff's alleged injuries were caused in whole or in part by the negligence of a Third Party, St. Helen's Professional Fire Fighter Association Local #3215.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

132.

After-acquired evidence proves that Plaintiff's misconduct during his employment would have led to his termination.

////

////

////

DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES: Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 19

//// 

~~///~~


~~///~~


**RESERVATION TO ADD ADDITIONAL AFFIRMATIVE DEFENSES**

CRFR Defendants reserve the right to add additional affirmative defenses as discovery proceeds in this case.

WHEREFORE, defendants pray for judgment as follows:

a)      That Plaintiff's Complaint be dismissed, with prejudice;

b)      That CRFR Defendants be awarded their reasonable costs and attorney fees; and

c)      For such other relief as the Court deems just and proper.

DATED this                                    .

GARRETT HEMANN ROBERTSON P.C.


Kim E. Hoyt
(OSB No. 914080)
khoyt@ghrlawyers.com
Jennifer M. Gaddis
(OSB No. 071194)
jgaddis@ghrlawyers.com
Of Attorneys for Defendants CRFR,
Fletcher, Niles, Zimbrick, and Welby


DEFENDANTS CRFR, ET AL.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES:
Joel Medina v. Columbia River Fire & Rescue, et al.

Page - 20